# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### SHREVEPORT DIVISION

| | |
|---|---|
| WHITNEY BROCK | CASE NO.  5:22-CV-00125 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| WALDEN UNIVERSITY & AFFILIATES, ET AL. | MAG. JUDGE KAYLA D. MCCLUSKY |

### REPORT AND RECOMMENDATION

On January 13, 2022, Plaintiff Whitney Brock ("Brock"), appearing pro se and in forma pauperis, filed suit in this Court against "Walden University & Affiliates, et al."  [doc. #1].  In her complaint, Brock claimed that Walden University & Affiliates violated the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*., when it failed to provide her with reasonable accommodations.  *Id.* at 4.

Pending before the Court is a Motion to Quash Insufficient Service and to Set Aside Entry of Default ("Motion to Quash and Set Aside") [doc. #12] filed by Walden University, LLC, which has made a limited appearance in this matter.  The undersigned has denied Brock an extension of time to respond to the Motion to Quash and Set Aside, and her time to do so has now passed, so the motion stands unopposed.

For the following reasons, IT IS RECOMMENDED that the Motion to Quash and Set Aside be GRANTED, and it is further sua sponte RECOMMENDED that Walden University & Affiliates, et al., be DISMISSED WITHOUT PREJUDICE.

## I.    BACKGROUND AND PROCEDURAL HISTORY

On February 1, 2022, Brock filed proof of service in which she claimed that she served Walden University & Affiliates on January 26, 2022, via Louisiana Long-Arm Statute.  [doc. #5].  Accordingly, the named Defendant's answer was due February 16, 2022.  *Id.*

The foregoing deadline lapsed without Walden University & Affiliates filing an answer and on February 18, 2022, Brock filed a motion for entry of default.  [doc. #7].

On February 22, 2022, the Clerk's office issued an entry of default as to Walden University & Affiliates.  [doc. #11].

The following day, February 23, 2022, Walden University, LLC, made a limited appearance in this case for the purpose of filing the instant Motion to Quash and Set Aside [doc. #12].  In its motion, Walden University, LLC, contends that the Defendant was incorrectly identified.  It clarifies that Walden University & Affiliates does not exist as a legal entity and, thus, could not be properly served; the "et al." is unidentified or defined; and alternatively, the default should be set aside on the basis of excusable neglect.  Walden University, LLC, does not dispute that a summons was issued to "Walden University & Affiliates, et al.," but denies that "Walden University & Affiliates" exists as a legal entity.  Even though Brock is pro se, Walden University, LLC, argues that the return of service she filed on February 1, 2022, is simply insufficient to establish personal jurisdiction over the proper legal entity, Walden University, LLC.  Nevertheless, Walden University, LLC, is not seeking dismissal of the case, but asks the Court to set aside the default and allow time for proper service to be made.  [doc. #12-1, p. 4].

Alternatively, Walden University, LLC, argues that there was excusable neglect for its failure to respond by the deadline. Counsel explains that she had incorrectly and inadvertently calendared the deadline to respond to the Complaint in this case as March 3, 2022, rather than February 16, 2022, the correct date. She explained that she discovered the error through her office's monitoring of the docket in this case when Plaintiff filed a Request for Entry of Default, which the Clerk entered on February 22, 2022.

First, as soon as counsel became aware of the issue, she immediately worked to remedy the error, first by contacting Brock to explain the mistake and asking that she withdraw the request for entry of default. However, when counsel identified herself, the call dropped. Counsel called again but could not connect with Brock. Brock's voicemail was full, and counsel was unable to leave a message.

Second, counsel filed the instant Motion to Quash and Set Aside the very next day, February 23, 2022.

On that same day, Walden University, LLC, also filed a Motion for Leave to File Answer and Affirmative Defenses [doc. #13], incorporating by reference its arguments in support of its Motion to Quash and Set Aside and contending that it has shown good cause to file its Answer out of time. Additionally, Walden University, LLC, argued that Brock would not be prejudiced if the Court grants its motion because Defendant's Answer and Affirmative Defenses were due on February 16, 2022, only one week prior to the filing of the motion, this case is still in its infancy, and Brock still has plenty of time to conduct discovery. Walden University, LLC argues that it, on the other hand, would be greatly prejudiced if not allowed to answer and assert defenses.

Brock's opposition memoranda to Walden University, LLC's motions were due on or about March 18, 2022.[1]

Instead, on March 9, 2022, Brock filed a motion for extension of time in the case. [doc. #16]. She did not seek relief from any specific deadline, but asked only for 30 days "in the case" and indicated that she is seeking an attorney.

On March 14, 2022, Brock filed a motion for extension of time to respond to Walden's Motion to Quash and Set Aside. [doc. #17]. She again indicated that she is seeking an attorney.

On March 23, 2022, Walden University, LLC, filed a memorandum in opposition to Brock's motion for extension of time to respond to its Motion to Quash and Set Aside. [doc. #18]. Walden University, LLC, did not oppose granting Brock a short period of time to seek counsel "and to avoid proceeding with the merits of this case," but opposed her request for an extension of time to respond to the pending motions on the grounds that she failed to offer any reasons for her request. [doc. #18, p. 3].

Then, on April 1, 2022, Brock filed several motions: (1) a "Motion to Request an Amendment to Add Additional Parties to the Brock v. Walden University & Affiliates, et al. Complaint" [doc. #19] ("Motion to Amend"); (2) Motion to Ask the Courts to Subpoena Additional Parties [doc. #20]; (3) a letter motion requesting the issuance of subpoenas [doc. #21]; and (4) "a Motion to Define Walden [University] & Affiliates, et al." [doc. #22].

On the date of the instant Report and Recommendation, the undersigned also issued a Memorandum Order taking the following actions: (1) denying Brock's motion for extension of time to respond [doc. #17] to the instant Motion to Quash and Set Aside for the reasons stated

_____

[1] Responses to said motion are due within twenty-one (21) days after service of the motion in accordance with LR 7.5, but it is not clear when Brock received service.

therein; (2) granting Brock's Motion to Amend [doc. #19] the original Complaint to name the additional listed entities as Defendants; (3) granting Walden University, LLC's Motion for Leave to File Answer and Affirmative Defenses [doc. #13], and allowing its Answer and Affirmative Defenses, including a specific defense of insufficient service of process, to be filed in the record; (4) granting Brock's Motion to Ask the Courts to Subpoena Additional Parties [doc. #20] to the extent that she requested the Clerk of Court to issue summonses for the newly added Defendants Walden University, LLC; Walden e-Learning, LLC; Walden University; Adtalem Global Education Inc.; and Laureate Education, Inc.; (5) denying Brock's motion requesting the issuance of subpoenas [doc. #21] because they were not in proper form; (6) denying Brock's "Motion to Define Walden [University] & Affiliates, et al." [doc. #22]; and (7) granting in part and denying in part Brock's motion for extension of time in the case  [doc. #16], but allowing her until May 6, 2022, to obtain counsel or notify the Court in writing that she was unable to do so and intends to proceed with her case pro se.  The undersigned also ordered that during this time, no case management or scheduling activities would take place.

The instant Motion to Quash and Set Aside is now ripe.

## II.  LAW AND ANALYSIS

A "Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint."  5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 1353 (3d ed. 2013).  "When service of process is challenged, the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *Sys. Signs Supplies v. U.S. Dep't of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990).  A court lacks personal jurisdiction over a defendant who has not been properly served, and any order entered absent personal jurisdiction is void and must be set aside. *Recreational Props.,*

5

*Inc. v. Sw. Mortg. Serv. Corp.*, 804 F.2d 311, 314 (5th Cir. 1986).

Generally, the remedy for insufficient service of process is to quash service and permit plaintiff to re-serve defendant. *Rhodes v. J.P. Sauer & Sohn, Inc.*, 98 F. Supp. 2d 746, 750 (W.D. La. 2000) (citation omitted). Indeed, dismissal under Rule 12(b)(5) "is not appropriate where there is a reasonable prospect that plaintiff ultimately will be able to serve defendant properly." *Cockerham v. Rose*, No. 11-CV-0277, 2011 WL 1515159, at *1 (N.D. Tex. Apr. 18, 2011) (citations and internal quotation marks omitted). However, a district court "enjoys broad discretion in determining whether to dismiss an action for ineffective service of process." *George v. U.S. Dep't of Labor*, 788 F.2d 1115, 1116 (5th Cir. 1986).

In this case, Brock contends she employed the provisions of the Louisiana Long-Arm Statute to effect service on Walden University & Affiliates. *See* LA. R. S. § 13:3204. Federal Rule of Civil Procedure 4(e)(1) provides that service may be made, *inter alia*, by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). Thus, service under the Long-Arm Statute is proper if its provisions are followed. The statute provides, in pertinent part, that service of an out-of-state party by mail or commercial courier is proper if the pleading is "sent by counsel for the plaintiff . . . to the defendant by registered or certified mail, or actually delivered to the defendant by commercial courier." *Id.* at § 13:3204(A). The statute further defines "commercial courier" as

> [A]ny foreign or domestic business entity having as its primary purpose the delivery of letters and parcels of any type, and which: (1) Acquires a signed receipt from the addressee, or the addressee's agent, of the letter or parcel upon completion of delivery. (2) Has no direct or indirect interest in the outcome of the matter to which the letter or parcel concerns.

LA. R. S. § 13:3204(D).

6

Brock has not met her showing under the Long-Arm Statute. While she obtained a summons from the Clerk of Court, that summons was issued to "Walden University & Affiliates, et al." Walden University, LLC, contends that Walden University & Affiliates is not a legal entity, and, thus, there can be no service on it at all. *See Fradella v. Abbott Lab'ys,* No. 99-CV-1301, 1999 WL 461819, at *4 (E.D. La. July 2, 1999) (holding that service of the wrong defendant entity was insufficient service of process and warranted setting aside default judgment); *Finamar Investors Inc. v. Republic of Tadjikistan*, 889 F. Supp. 114, 118 (S.D.N.Y. 1995) (finding service defective where plaintiff served the wrong entity in the wrong language but permitting plaintiff an additional sixty days to perfect service). Brock has offered no evidence supporting a finding to the contrary.

Additionally, while Walden University, LLC, *is* a legal entity, it argues that the procedures employed by Brock are simply insufficient to establish personal jurisdiction over it. Not only is a different entity named in the summons, but the certified mail return receipt was not signed as required by the Long-Arm Statute. [doc. #].

Although Walden University, LLC, did not seek dismissal of the action at the time of the filing of the Motion to Quash and Set Aside, the undersigned has since allowed Brock to amend her Complaint to add Walden University, LLC, and other entities as Defendants. Thus, there is no prejudice to Brock if a non-existent entity is dismissed without prejudice. If Brock can later establish that there is, in fact, such a legal entity, she may move to amend her complaint to re-name that entity at that time. However, even the documentation Brock has provided indicates that an agreement was made between her and Walden University, LLC, not Walden University & Affiliates.

## III.    CONCLUSION

For the reasons set forth above, **IT IS RECOMMENDED** that the Motion to Quash and Set Aside be **GRANTED**, that the entry of default against Walden University & Affiliates be

**VACATED** and **SET ASIDE**, and that service against the non-existent entity be **QUASHED**.

**IT IS FURTHER RECOMMENDED**, sua sponte, that Walden University & Affiliates, et al. be **DISMISSED WITHOUT PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FED. R. CIV. P. 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE in Chambers on this 7th day of April, 2022.

KAYLA DYE MCCLUSKY
UNITED STATES MAGISTRATE JUDGE