UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| WHITNEY BROCK | CIVIL ACTION NO. 22-125 |
| VERSUS | JUDGE ELIZABETH E. FOOTE |
| WALDEN UNIVERSITY & AFFILIATES | MAG. JUDGE KAYLA D. MCCLUSKY |

## MEMORANDUM ORDER

Before the Court is a motion for reconsideration filed by pro se Plaintiff Whitney Brock on March 5, 2023 [Record Document 124]. For the foregoing reasons, Plaintiff's motion for reconsideration is **DENIED**.

### I. Background

Brock filed this lawsuit against Walden University ("Walden"), alleging violations of the Americans with Disabilities Act ("ADA"). Record Document 53. This Court previously dismissed all Brock's ADA claims because they were either time-barred, inapplicable to her case, or did not comport with the relief she sought. Record Document 63. In deference to Brock's pro se status, the Court read in a claim under the Rehabilitation Act. *Id.* at 9-11. The Court also preserved Brock's breach of contract theory under Louisiana law. *Id.* at 12. On January 31, 2024, however, the Court granted Walden's motion for summary judgment on all Brock's remaining claims. Record Document 119. Brock now moves for reconsideration of that ruling, arguing that she has since received new information.

### II. Law and Analysis

The Federal Rules of Civil Procedure do not expressly recognize a motion for reconsideration; however, there are mechanisms by which a Court may reconsider a

previous ruling under certain limited circumstances. *See Miller Pharmacy Servs., LLC v. AmerisourceBergen Drug Corp.*, 2021 WL 2627452, at *2 (W.D. La. Mar. 30, 2021) (stating that "[t]he Federal Rules of Civil Procedure do not recognize a motion for reconsideration *per se*. Instead, a motion challenging a judgment or order may be filed under Rules 54, 59, or 60."). Rule 59(e) and Rule 60(b) are the only mechanisms that might be relevant to this motion, as Rule 54 is not relevant to cases with a final entry of judgment.

Rule 59(e) states that a party must file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Plaintiff's motion for reconsideration came 34 days after the entry of this Court's final judgment. Accordingly, a motion for reconsideration would not be timely under Rule 59(e).

The only other mechanism by which this Court may consider Plaintiff's motion for reconsideration is under Rule 60(b), which states that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Rule 60(c) requires that any motion filed under Rule 60(b)(1)-(3) must be made within a year, and within a "reasonable time" for any motion filed under Rule 60(b)(4)-(6). Though timeliness is not an issue under Rule 60(b), Brock has not provided any valid reasons as to why she might be entitled to reconsideration.

The majority of Brock's motion simply focuses on why she disagrees with the Court's ruling, and in large part, advances arguments this Court previously found unpersuasive. A mere disagreement with the resolution or final judgment of a matter is not enough to warrant this Court to grant a motion for reconsideration. However, she also claims that she has received new information that "will shine light on all her claims in her complaint and warrant a new decision to be granted in her favor." Record Document 124 at 1. Specifically, on February 14, 2024, the Maryland Attorney Grievance Board allegedly sent a large file to Brock, which indicated "an investigation occurred between two Walden representatives mentioned in Brock's complaint [Ms. Maureen Cones and Dr. Donna McElveen] regarding their inappropriate activities and misconduct at Walden with Brock." *Id.* The Court finds this alleged new evidence unpersuasive for several reasons.

First, Brock fails to indicate why this information could not have been obtained earlier through discovery. Second, any external investigation is not relevant to this Court's ruling. Third, even if the investigation were relevant, any ruling by that agency would not be binding on this Court. And finally, Brock does not allege that the outcome of this investigation was favorable to her. Rather, the only evidence Brock provides about such investigation is a letter by Dr. McElveen's counsel dated April 19, 2023, vehemently denying all of Brock's allegations in the same way counsel for Walden did before this Court. *See* Record Document 124-1 at 2-5. Brock has not presented any new issues or evidence that would necessitate the Court reassess its previous holding.

### III. Conclusion

For the reasons stated above, Plaintiff's motion for reconsideration [Record Document 124] is **DENIED.**

**THUS DONE AND SIGNED** this 7th day of March, 2024.

_____
ELIZABETH ERNY FOOTE
UNITED STATES DISTRICT JUDGE